**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**KATHI CARLTON, ET AL.**                    **CIVIL ACTION**

**VERSUS**                                   **NO. 21-272**

**ALLSTATE PROPERTY AND**                    **SECTION: "G"**
**CASUALTY INSURANCE COMPANY,**
**ET AL.**

## ORDER AND REASONS

Plaintiffs Kathi Carlton ("Carlton"), Chansley McCurley ("McCurley"), and Fabron Heidleberg ("Heidleberg") (collectively, "Plaintiffs") bring this suit against Defendants Allstate Property and Casualty Insurance Company ("Allstate") and RLI Insurance Company ("RLI") (collectively, "Defendants").[1] Plaintiffs seek to recover damages from Defendants for injuries arising out of a car accident.[2] Before the Court is RLI's "Motion to Dismiss."[3] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court denies the motion and grants Plaintiffs leave to file an amended complaint.

---

[1] Rec. Doc. 1-1.

[2] *Id.*

[3] Rec. Doc. 11.

## I. Background

On November 23, 2020, Plaintiffs filed a petition in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[4] On February 9, 2021, Defendants removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5]

In the Petition, Plaintiffs allege that Carlton was insured under an uninsured/underinsured motorist policy with Allstate and an uninsured/underinsured motorist policy with RLI.[6] Plaintiffs claim that on October 25, 2019, Carlton was driving her vehicle on Interstate 59 with McCurley and Heidleberg as her passengers.[7] Plaintiffs allege that as Carlton's vehicle slowed down due to traffic, it was rear-ended by another vehicle.[8] Plaintiffs claim that the insurance policy of the driver who hit their vehicle had "insufficient limits to compensate all plaintiffs for their extensive damages."[9]

Plaintiffs allege that they submitted three separate claims to Allstate for their injuries.[10] Plaintiffs claim that Allstate submitted a tender for Carlton and for Heidleberg, but failed to provide a tender for McCurley.[11] Plaintiffs contend that Allstate's offers to Carlton and Heidleberg

---

[4] Rec. Doc. 1-1.

[5] Rec. Doc. 1.

[6] Rec. Doc. 1-1 at 1.

[7] *Id.* at 2.

[8] *Id.*

[9] *Id.*

[10] *Id.* at 2–3.

[11] *Id.*

were insufficient given Plaintiffs' injuries, and that Allstate's actions in failing to tender any offer to McCurley were arbitrary and capricious.[12]

On March 18, 2021, RLI filed the instant motion to dismiss.[13] On March 22, 2021, Plaintiffs filed an opposition to the motion.[14] On April 6, 2021, with leave of Court, RLI filed a reply in further support of the motion to dismiss.[15]

## II. Parties' Arguments

### A.   RLI's Arguments in Support of the Motion

RLI first asserts that McCurley and Heidleberg have not brought any claims against RLI.[16] RLI argues that Carlton's claims against RLI should also be dismissed.[17] RLI contends that the policy it issued to Carlton "required Carlton to have and maintain a minimum underlying [Uninsured/Underinsured Motorists ("UIM")] limit of $500,000 each person/$500,000 each occurrence or Combined Single Limit of $500,000 each occurrence" and that failure to maintain said minimum limit "eliminates coverage" under the policy.[18] RLI claims that Carlton's UIM policy with Allstate only provided for UIM coverage of $250,000 per person and $500,000 per

---

[12] *Id.*

[13] Rec. Doc. 11.

[14] Rec. Doc. 12.

[15] Rec. Doc. 16.

[16] Rec. Doc. 11-1 at 5.

[17] *Id.* at 6.

[18] *Id.* at 6–9.

3

accident and therefore, was insufficient to satisfy the terms of RLI's policy.[19] Thus, RLI contends that Carlton was not covered under RLI's policy and any claim in the instant litigation against RLI should be dismissed.[20]

**B.      *Plaintiffs' Arguments in Opposition to the Motion***

Plaintiffs agree that only Carlton brings claims against RLI in the instant suit.[21] However, Plaintiffs contend that Carlton's claims against RLI should not be dismissed.[22] Plaintiffs argue that Carlton was covered under her policy with RLI at the time of the accident.[23] Plaintiffs claim that insurance policies are to be construed in favor of coverage under Louisiana law.[24]

Further, Plaintiffs contend that the instant motion to dismiss is "premature" because RLI has not provided Plaintiffs with any "documentation supporting a denial of coverage" and has not responded to discovery requests.[25] Plaintiffs allege that RLI, as an insurance provider, owed Carlton a duty.[26] Plaintiffs contend that in accepting payment from Carlton for the policy, RLI "enriched themselves" and only now claim that Carlton was not covered under the policy.[27]

---

[19] *Id.*

[20] *Id.* at 10.

[21] Rec. Doc. 12 at 1–2.

[22] *Id.* at 2.

[23] *Id.* at 2–3.

[24] *Id.* at 3.

[25] *Id.*

[26] *Id.* at 4.

[27] *Id.*

Plaintiffs contend that further discovery is required to discover when RLI learned about Carlton's alleged insufficient underlying coverage.[28]

Finally, Plaintiffs argue that the attachments to the instant motion to dismiss, including RLI's policy with Carlton and Allstate's policy with Carlton, have not been authenticated.[29] Although RLI's counsel submitted an affidavit with the instant motion attesting to the accuracy of the attachments, Plaintiffs contend that such affidavit is "insufficient evidence" to authenticate the policies.[30]

## C.   RLI's Arguments in Further Support of the Motion

In reply, RLI reiterates that McCurley and Heidleberg do not assert any claims against RLI in the Petition.[31] Additionally, RLI again argues that Carlton's claims against RLI should be dismissed.[32] RLI claims that Carlton has "failed to point [to] any ambiguity" in the language of her policy with RLI that would entitle her to relief in the instant matter.[33] RLI contends that the policy is clear and requires Carlton to maintain underlying insurance of at least $500,000 per person in order for Carlton to be covered.[34] Considering that Carlton's policy with Allstate does

---

[28] *Id.* at 4–5.

[29] *Id.* at 5.

[30] *Id.*

[31] Rec. Doc. 16 at 2.

[32] *Id.*

[33] *Id.*

[34] *Id.* at 3–4.

not meet this requirement, RLI alleges that Carlton was not insured by RLI at the time of the alleged accident.[35]

RLI further argues that the instant motion is not premature.[36] RLI alleges that once this case was removed to federal court, any discovery is governed by the Federal Rules of Civil Procedure, which do not permit discovery until after a Federal Rule of Civil Procedure 26(f) conference.[37] RLI asserts that the parties have not yet conferred and therefore, there is no outstanding discovery.[38]

Finally, RLI contends that the affidavit of RLI's counsel properly authenticates the insurance policies attached to the motion to dismiss.[39] RLI claims that both policies were within the personal knowledge of RLI's counsel and therefore, the attachments were proper.[40]

### III. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[41] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[42] "To survive a motion to dismiss, a

---

[35] *Id.* at 4.

[36] *Id.* at 5.

[37] *Id.*

[38] *Id.*

[39] *Id.* at 6.

[40] Rec. Doc. 16 at 6.

[41] Fed. R. Civ. P. 12(b)(6).

[42] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[43]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[44] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[45] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[46]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[47] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[48] Similarly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" will not suffice.[49] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[50]

---

[43] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[44] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[45] *Iqbal*, 556 U.S. at 678.

[46] *Id*.

[47] *Id.* at 677–78.

[48] *Id*. at 679.

[49] *Id*. at 678.

[50] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

## IV. Analysis

RLI contends that Carlton's claims against RLI should be dismissed because she failed to maintain the required UIM coverage under the terms of her policy with RLI, thereby eliminating all coverage by RLI prior to the accident. In response, Plaintiffs allege that RLI accepted Carlton's payments under the policy yet failed to inform Carlton that she was not covered by the RLI policy. Plaintiffs further allege that the instant motion is premature because more discovery is required to determine when RLI realized that Carlton failed to satisfy the UIM coverage requirement.

As an initial matter, the Court notes that RLI's motion to dismiss depends in large part on provisions in RLI's insurance policy and Allstate's insurance policy with Carlton that are not specifically alleged in Plaintiffs' Petition. Generally, a court considering a motion to dismiss "must limit itself to the contents of the pleadings, including attachments thereto."[51] Attachments to a motion to dismiss are, however, "considered part of the pleadings" if "they are referred to in the plaintiff's complaint and are central to her claim."[52] "In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit, and the court in making the elementary determination of whether a claim has been stated."[53] Plaintiffs reference both policies in the Petition and both are central to Plaintiffs' claims in the current litigation. Therefore, the attached policies are properly considered with the instant motion.

---

[51] *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[52] *Id.* at 498–99 (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)) (internal quotation marks omitted).

[53] *Carter v. Target Corp.*, 541 F. App'x 413, 416–17 (5th Cir. 2013) (quoting *Collins*, 224 F.3d at 498–99).

Plaintiffs also contend that the attached policies have not been properly authenticated.[54] However, the Fifth Circuit "does not require conclusive proof of authenticity before allowing the admission of disputed evidence."[55] Instead, Federal Rule of Evidence 901 "merely requires some evidence which is sufficient to support a finding that the evidence in question is what its proponent claims it to be."[56] "[A] document's appearance, contents, substance, internal patterns, or other distinctive characteristics of the item, taken together with all the circumstances, can provide the requisite evidence under Rule 901(a)."[57] Here, both of the documents include certifications by employees of the respective insurance companies, bear the applicable company's logo, and describe the terms of the policies between each insurance company and Carlton.[58] Plaintiffs have not provided the Court with an alternative policy or raised any genuine issue with the contents of the policies provided. Therefore, the Court finds the documents to be authenticated.

Considering both policies, it is clear that Carlton was not covered under the policy with RLI at the time of the alleged accident giving rise to this suit. The first page of RLI's umbrella policy requires the insured party, here Carlton, to agree that they "will be covered by an Automobile liability policy for any Automobile you operate . . . for at least the minimum limits

---

[54] Rec. Doc. 12 at 5.

[55] *Nester v. Textron, Inc.*, 888 F.3d 151, 160 (5th Cir. 2018) (quoting *United States v. Jimenez Lopez*, 873 F.2d 769, 772 (5th Cir. 1989)).

[56] *Id.*

[57] *Vedros v. Northrop Grumman*, No. 11-1198, 2015 WL 13540186, at *2 (E.D. La. June 8, 2015) (Barbier, J.).

[58] Rec. Doc. 11-3; Rec. Doc. 11-4.

listed below."[59] The policy further states that RLI's policy provides coverage only if the minimum limits required are maintained by the policyholder.[60] The minimum limits of coverage listed on the policy are $500,000 per person and $500,000 per occurrence.[61] Carlton's underlying policy with Allstate provides coverage for bodily injury up to $250,000 per person and $500,000 per occurrence.[62] As Carlton failed to satisfy the minimum limits required for coverage under the RLI umbrella policy, it is apparent that Carlton was not insured under the RLI policy at the time of the alleged accident.

 In opposition to the instant motion, Plaintiffs appears to suggest that RLI could be held liable under a different theory because RLI "clearly owe a duty to their named insured, Kathi Carlton."[63] Plaintiffs failed to include any facts to support any such claim against RLI in the Petition. However, although Plaintiffs have not pleaded facts to support a claim against RLI, this does not mean that they could not do so. Short of granting a motion to dismiss, the Court may grant Plaintiffs leave to file an amended petition. Accordingly, at this time, the Court will deny RLI's motion to dismiss and grant Plaintiffs leave to file an amended petition to address the deficiencies noted above, if possible.

---

[59] Rec. Doc. 11-3 at 2.

[60] *Id.* at 14.

[61] *Id.* at 2.

[62] Rec. Doc. 11-4 at 7.

[63] Rec. Doc. 12 at 4.

## V. Conclusion

For the foregoing reasons,

**IT IS HEREBY ORDERED** that RLI Insurance Company's "Motion to Dismiss"[64] is **DENIED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiffs are granted leave to file an amended petition within fourteen days of this Order to cure the deficiencies noted, if possible. If Plaintiffs fail to file an amendment or if upon amendment, Plaintiffs fail to provide sufficient factual support for each element of each claim, upon motion by a party, the Court will dismiss the claims.

**NEW ORLEANS, LOUISIANA,** this 17th day of May, 2021.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[64] Rec. Doc. 11.

11