UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| KATHI CARLTON, ET AL. | CIVIL ACTION |
| VERSUS | NO. 21-272 |
| ALLSTATE PROPERTY AND CASUALTY INSURANCE COMPANY, ET AL. | SECTION: "G" |

## ORDER AND REASONS

Plaintiffs Kathi Carlton ("Carlton"), Chansley McCurley ("McCurley"), and Fabron Heidleberg ("Heidleberg") (collectively, "Plaintiffs") bring this suit against Defendants Allstate Property and Casualty Insurance Company ("Allstate") and RLI Insurance Company ("RLI") (collectively, "Defendants").[1] Plaintiffs seek to recover damages from Defendants for injuries arising out of a car accident.[2] Before the Court is RLI's "Second Motion to Dismiss."[3] Having considered the motion, the memoranda in support and opposition, the record, and the applicable law, the Court grants the motion.

---

[1] Rec. Doc. 1-1; Rec. Doc. 22.

[2] Rec. Doc. 1-1; Rec. Doc. 22.

[3] Rec. Doc. 28.

1

## I. Background

On November 23, 2020, Plaintiffs filed a complaint in the 22nd Judicial District Court for the Parish of St. Tammany, State of Louisiana.[4] On February 9, 2021, Defendants removed the case to this Court, asserting diversity jurisdiction pursuant to 28 U.S.C. § 1332.[5]

In the Petition, Plaintiffs alleged that Carlton was insured under a policy with Allstate and an umbrella uninsured/underinsured motorist ("UIM") policy with RLI.[6] Plaintiffs claimed that on October 25, 2019, Carlton was driving her vehicle on Interstate 59 with McCurley and Heidleberg as her passengers.[7] Plaintiffs alleged that as Carlton's vehicle slowed down due to traffic, it was rear-ended by another vehicle.[8]

On March 18, RLI filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).[9] RLI argued that McCurley and Heidleberg did not allege any facts to support a claim against RLI.[10] RLI also argued that Carlton was not covered under the terms of her umbrella policy with RLI at the time of the accident because she did not maintain sufficient underlying coverage as required by the terms of the umbrella policy.[11] Specifically, RLI argued that the policy it issued to Carlton "required Carlton to have and maintain a minimum underlying

---

[4] Rec. Doc. 1-1.

[5] Rec. Doc. 1.

[6] Rec. Doc. 1-1 at 1.

[7] *Id.* at 2.

[8] *Id.*

[9] Rec. Doc. 11.

[10] Rec. Doc. 11-1 at 5.

[11] *Id.* at 6–9.

[Uninsured/Underinsured Motorists ("UIM")] limit of $500,000 each person/$500,000 each occurrence or Combined Single Limit of $500,000 each occurrence" and that Carlton's failure to maintain said minimum limit "eliminates coverage" under the umbrella policy.[12]

On May 17, 2021, the Court denied the motion.[13] As Carlton failed to satisfy the minimum limits required for coverage under the RLI umbrella policy, the Court found that Carlton was not insured under the RLI policy at the time of the alleged accident.[14] However, the Court noted that Carlton appeared to argue that RLI owed a separate duty to her.[15] Given that Plaintiffs failed to include facts to support any such claim against RLI in the Petition, the Court granted Plaintiffs leave to file an amended complaint.[16]

On May 31, 2021, Carlton filed an amended complaint.[17] Heidleberg and McCurley did not file an amended pleading. In the Amended Complaint, Carlton brings a host of claims against RLI. First, Carlton claims that RLI breached a duty to her by failing "to procure the coverages for which she applied."[18] Next, Carlton alleges that RLI violated Louisiana Revised Statute § 22:41 ("Section 22:41"), under which Carlton contends she had "a right to be treated fairly and be free from unfair or deceptive acts or practices."[19] Carlton claims that RLI never informed her that her

---

[12] *Id.*

[13] Rec. Doc. 21.

[14] *Id.* at 10.

[15] *Id.*

[16] *Id.*

[17] Rec. Doc. 22.

[18] *Id.* at 3.

[19] *Id.*

3

underlying policy was insufficient and never asked her for documentation regarding her underlying coverage.[20] Instead, Plaintiff contends that RLI continued to accept Carlton's premium payments.[21]

Carlton further alleges that RLI is "estopped from precluding [] coverage" because under Louisiana law, RLI had a duty to investigate whether Carlton had sufficient underlying coverage.[22] Carlton alleges that RLI committed fraud "by taking her premiums for five plus years and now . . . tak[ing] the position there is no coverage."[23] Moreover, Carlton claims that RLI "received an unjust enrichment by accepting premiums" and alleges that RLI acted arbitrarily in refusing coverage.[24]

On June 14, 2021, RLI filed the instant second motion to dismiss pursuant to Rule 12(b)(6).[25] On June 22, 2021, Carlton filed an opposition.[26] On June 30, 2021, with leave of Court, RLI filed a reply in further support of the motion to dismiss.[27]

---

[20] *Id.*

[21] *Id.*

[22] *Id.* at 4.

[23] *Id.*

[24] *Id.* at 4–5.

[25] Rec. Doc. 28.

[26] Rec. Doc. 29.

[27] Rec. Doc. 33.

## II. Parties' Arguments

*A.     RLI's Arguments in Support of the Motion*

RLI first argues that given that "Chansley McCurley and Fabron Heidleberg did not file an amended petition, the Court should summarily dismiss those claims against RLI with prejudice."[28]

As for Carlton's claims, RLI makes several arguments in favor of dismissal.[29] First, RLI argues that under the unambiguous language of Carlton's umbrella policy with RLI, Carlton was not covered because she did not procure the minimum amount of underlying coverage as required by the umbrella policy.[30] RLI asserts that Carlton does not dispute the language of the policy.[31] RLI argues that "the relationship between RLI and Carlton is controlled" by the policy and that RLI "owes no separate duty to Carlton other than which flows from this contract."[32] RLI contends that Carlton's intent or belief that she was covered under the policy is irrelevant given that the language of the policy is unambiguous.[33] RLI claims that this Court "cannot consider the expectations of insured or extrinsic evidence to vary the terms of the contract."[34] RLI contends

---

[28] Rec. Doc. 28-1 at n.1.

[29] Rec. Doc. 28-1.

[30] *Id.* at 6.

[31] *Id.*

[32] *Id.*

[33] *Id.*

[34] *Id.*

5

that Carlton agreed to the underlying coverage requirements when she applied for her policy with RLI.[35] According to RLI, it was Carlton's responsibility to abide by those requirements.[36]

Next, RLI argues that Carlton has not stated a claim for estoppel, fraud, or unjust enrichment.[37] RLI argues that there is "no Louisiana law requiring an insurer to investigate and to confirm whether the insured maintained the underlying limits that the insured selected and represented they would obtain with another insurer."[38] Therefore, RLI contends that Carlton's estoppel claim is meritless.[39] RLI contends that Carlton failed to satisfy the heightened pleading requirements for fraud under Federal Rule of Civil Procedure 9(b).[40] Additionally, RLI argues that Carlton "simply has no plausible claim against RLI for fraud."[41] Moreover, RLI argues that under Louisiana law, "[t]here is no unjust enrichment claim as a matter of law when the claim is based on an enforceable contract," as exists here.[42]

Finally, RLI argues that Carlton's claims under Louisiana Revised Statute § 22:41 must be dismissed.[43] RLI claims that Section 22:41 does not create a cause of action but instead provides for penalties in the case of a valid underlying claim.[44] RLI argues that to state a claim under Section

---

[35] *Id.* at 7–8.

[36] *Id.*

[37] *Id.* at 8.

[38] *Id.* at 8–9.

[39] *Id.*

[40] *Id.* at 9–10.

[41] *Id.*

[42] *Id.* at 10.

[43] *Id.*

[44] *Id.* at 10–11.

6

22:41, Carlton "must state a viable claim for breach of the RLI Umbrella Policy" which she has failed to do.[45]

B.  *Carlton's Arguments in Opposition to the Motion*

In opposition, Carlton argues that she "clearly stated" numerous causes of action in the Amended Complaint, including "breach of contract; violation of the policyholder bill of rights; estoppel; fraud; unjust enrichment and arbitrary and capricious."[46]

Carlton argues that the instant motion to dismiss is premature because she does not have "[b]asic documents," "clearly putting [Carlton] in an unfair and prejudicial position of having to defendant [sic] an argument whereby questions arose about the parties true intentions of coverage from the outset."[47] Carlton highlights that she filed a separate claim against her insurance agent and agency and discovery is starting in that case.[48]

Moreover, Carlton contends that RLI has failed to show that the umbrella policy did not provide coverage for her claims.[49] Carlton argues that "[a]t worst, [Carlton] would be subjected to a gap in coverage" between her underlying policy and the umbrella policy minimum, "meaning she would have to prove her damages exceed $500,000.00."[50] Finally, Carlton argues that RLI is

---

[45] *Id.*

[46] Rec. Doc. 29 at 2.

[47] *Id.* at 3.

[48] *Id.*

[49] *Id.* at 4–5.

[50] *Id.* at 5.

estopped from now claiming that Carlton was not covered under the umbrella policy given that RLI accepted Plaintiff's premium payments.[51]

### C.     RLI's Arguments in Further Support of the Motion

In reply, RLI reasserts that the language of the policy at issue is clear and therefore must be enforced as written.[52] RLI claims that Carlton has not stated a claim that may entitle her to relief under the terms of the umbrella policy.[53] RLI further contends that Carlton's argument that she would at most be subjected to a gap in coverage is erroneous, as the policy specifically states that it does not provide coverage where the policyholder failed to maintain the minimum UIM coverage.[54] Moreover, RLI asserts that this Court may not consider extrinsic evidence, but must only rely on the terms of the policy itself.[55]

Additionally, RLI argues that Carlton's claims for "breach of contract, estoppel, fraud, unjust enrichment, and arbitrary and capricious/violation of a statute are unsupported by Louisiana law."[56] RLI further claims that Carlton's allegations are not supported by the facts of this case.[57] Finally, RLI contends that the instant motion is not premature.[58]

---

[51] *Id.* at 6.

[52] Rec. Doc. 33 at 1–2.

[53] *Id.*

[54] *Id.* at 2–3.

[55] *Id.* at 4.

[56] *Id.* at 4–5.

[57] *Id.* at 5–6.

[58] *Id.* at 6.

### III. Legal Standard on a Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) provides that an action may be dismissed "for failure to state a claim upon which relief can be granted."[59] A motion to dismiss for failure to state a claim is "viewed with disfavor and is rarely granted."[60] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[61]

The "[f]actual allegations must be enough to raise a right to relief above the speculative level."[62] The complaint need not contain detailed factual allegations, but it must offer more than mere labels, legal conclusions, or formulaic recitations of the elements of a cause of action.[63] That is, the complaint must offer more than an "unadorned, the defendant-unlawfully-harmed-me accusation."[64]

Although a court must accept all "well-pleaded facts" as true, a court need not accept legal conclusions as true.[65] "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."[66] Similarly, "[t]hreadbare recitals of the elements of a

---

[59] Fed. R. Civ. P. 12(b)(6).

[60] *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

[61] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (internal quotation marks omitted).

[62] *Twombly*, 550 U.S. at 555. Put another way, a plaintiff must plead facts that allow the court to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

[63] *Iqbal*, 556 U.S. at 678.

[64] *Id*.

[65] *Id.* at 677–78.

[66] *Id*. at 679.

cause of action, supported by mere conclusory statements" will not suffice.[67] If the factual allegations are insufficient to raise a right to relief above the speculative level, or an "insuperable" bar to relief exists, the claim must be dismissed."[68]

## IV. Analysis

This is RLI's second motion to dismiss. In denying the first motion to dismiss claims made or which could have been made by Plaintiffs, the Court allowed Plaintiffs 14 days to amend their complaints to address the deficiencies noted by the Court in the order denying the motion to dismiss.[69] Plaintiffs McCurley and Heidleberg did not amend their complaints. In its second motion to dismiss, RLI noted that McCurley and Heidleberg failed to amend their complaints and moved the Court to dismiss their claims against RLI.[70]

In the Amended Complaint, Carlton alleges two theories of liability. First, she alleges that RLI erroneously denied her coverage under the terms of the umbrella policy and in doing so breached the terms of the contract and arbitrarily and capriciously denied coverage. Second, Carlton brings claims tangential to the terms of the policy, including estoppel, fraud, unjust enrichment, and a violation of Section 22:41. The Court will address Carlton's claims in turn.

### A.    *Whether Carlton was Covered Under the Umbrella Policy*

In its May 17, 2021 Order, this Court held that Carlton was not covered under the terms of

---

[67] *Id*. at 678.

[68] *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007); *Moore v. Metro. Human Serv. Dep't*, No. 09-6470, 2010 WL 1462224, at * 2 (E.D. La. Apr. 8, 2010) (Vance, J.) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).

[69] Rec. Doc. 21.

[70] Rec. Doc. 28-1 at n.1.

her policy with RLI at the time of the accident giving rise to this suit.[71] Specifically, this Court found that Carlton did not maintain sufficient underlying coverage as required under the umbrella policy with RLI.[72] In opposition to the instant motion, Carlton once again argues that RLI has failed to show that the umbrella policy did not provide coverage for her claims.[73] Carlton argues that "[a]t worst, [Carlton] would be subjected to a gap in coverage" between her underlying policy and the umbrella policy minimum, "meaning she would have to prove her damages exceed $500,000.00."[74]

This argument is unpersuasive under the clear and unambiguous terms of the policy. Under Louisiana law, "[a]n insurance policy is a contract between the parties and should be construed by using the general rules of interpretation of contracts set forth in the Louisiana Civil Code."[75] "When the language in an insurance contract is clear and unambiguous the agreement must be enforced as written. An insurance contract is to be construed as a whole, and one part thereof should not be construed separately and at the expense of disregarding other sections or provisions."[76] While Carlton may be correct that Part IV of the policy provides for payment in the event of a "gap" in coverage in certain scenarios,[77] Carlton ignores the fact that the policy's "Excess Uninsured/Underinsured Motorist Endorsement" specifically clarifies that Part IV does

---

[71] *See generally* Rec. Doc. 21.

[72] *Id.*

[73] Rec. Doc. 29 at 4–5.

[74] *Id.* at 5.

[75] *Mayo v. State Farm Mut. Auto. Ins. Co.*, 869 So. 2d 96, 99 (La. 2004).

[76] *Cent. Louisiana Elec. Co. v. Westinghouse Elec. Corp.*, 579 So. 2d 981, 985 (La. 1991) (internal citations omitted).

[77] Rec. Doc. 11-3 at 8.

11

not apply to excess Uninsured/Underinsured Motorists ("UIM") coverage, as is at issue in this case.[78] Therefore, the Court declines to revisit its May 17, 2021 Order and again holds that because Carlton had insufficient underlying coverage at the time of the accident, she was not covered under her umbrella policy with RLI.

Given that Carlton was not covered under her policy with RLI at the time of the accident, RLI did not breach the terms of the policy by denying Carlton coverage.[79] Further, without proving coverage, Carlton cannot show that RLI arbitrarily denied her coverage. Therefore, Carlton has not stated a claim for breach of contract or for arbitrary and capricious denial of coverage. Accordingly, these claims must be dismissed.

### B. Whether Carlton Has Stated a Claim Related to the Policy

Carlton further alleges that RLI: (i) was unjustly enriched because it accepted Carlton's premiums and then denied coverage; (ii) committed fraud by refusing coverage after accepting such premiums; (iii) is estopped from denying coverage after accepting the premium payments; and (iv) violated Section 22:41. For the reasons discussed below, Carlton cannot prevail on these claims.

First, Carlton's unjust enrichment claim fails as a matter of law. Louisiana Civil Code Article 2298 provides that:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

---

[78] Rec. Doc. 7-3 at 14–15.

[79] *Louque v. Allstate Ins. Co.*, 314 F.3d 776, 782 (5th Cir.2002) ("To state a claim for breach of an insurance contract under Louisiana law, a plaintiff must allege a breach of a specific policy provision.").

The requisite elements of a claim for unjust enrichment are: (1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; and (5) no other remedy at law.[80]

The Louisiana Supreme Court has provided that "the remedy of unjust enrichment is subsidiary in nature, and shall not be available if the law provides another remedy."[81] Unjust enrichment is "only applicable to fill a gap in the law where no express remedy is provided."[82] Further, "the mere fact that a plaintiff does not successfully pursue another available remedy" does not provide the plaintiff with the right to recover under the theory of unjust enrichment.[83] Here, Carlton and RLI entered into an enforceable insurance contract. Given that Carlton has a remedy under Louisiana law, Carlton cannot state a claim for unjust enrichment.

Carlton has likewise failed to state a claim for fraud. Under Louisiana law, "[f]raud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other."[84] A claim for fraud is subject to heightened pleading standards pursuant to Federal Rule of Civil Procedure 9(b). The Fifth Circuit "interprets Rule 9(b) strictly" and requires "a plaintiff pleading fraud to specify the statements contended to be fraudulent, identify the speaker, state when and where the statements

---

[80] *Baker v. Maclay Props. Co.*, 94-1529, p. 18 (La. 1/17/95); 648 So. 2d 888.

[81] *Walters v. MedSouth Rec. Mgmt., LLC*, 2010-0353 (La. 6/4/10), 38 So. 3d 243, 244.

[82] *Id.* (citing *Mouton v. State*, 525 So.2d 1136, 1142 (La. App. 1st Cir. 1998), *writ denied*, 526 So.2d 1112 (La. 1988)).

[83] *Id.*

[84] *Barbe v. Ocwen Loan Servicing, LLC*, 383 F. Supp. 3d 634, 646 (E.D. La. 2019) (citing La. Civ. Code art. 1953).

were made, and explain why the statements were fraudulent."[85] In the Amended Complaint, Carlton does not satisfy this heightened pleading standard. Instead, Carlton summarily alleges that "RLI has committed fraud upon Kathi Carlton by taking her premiums for five plus years and now at the time of an excess UM claim, takes the position there is no coverage."[86] Therefore, Carlton has not stated a claim for fraud.

Next, Carlton alleges that "RLI is estopped from precluding UM coverage for Kathi Carlton" because "Louisiana law provides that an insurer has a duty to investigate" and "[i]f the insurer is aware of facts, like the amount of underlying limits, which a reasonable investigation would have uncovered, failure to take such an action constitutes a waiver."[87] As an initial matter, under Louisiana law, insurers "have no independent duty to determine the needs of the insured" or to "verify whether [an insured] was carrying the requisite insurance."[88] Carlton has failed to point to a provision of the policy or a statute that creates a duty for RLI to investigate or verify the sufficiency of Carlton's underlying coverage.

Moreover, to bring an estoppel claim under Louisiana law, Carlton must establish: "(1) [a] representation by conduct or work; (2) justifiable reliance thereon; and (3) a change of position to one's detriment because of the reliance on such representation."[89] "Estoppel is disfavored in

---

[85] *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d at 339 (quoting *Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 564–65 (5th Cir. 2002)) (internal quotation marks omitted).

[86] Rec. Doc. 22 at 4.

[87] *Id.*

[88] *Progressive Paloverde Ins. Co. v. Est. of Jenkins*, No. 19-12840, 2021 WL 638119, at *3 (E.D. La. Feb. 18, 2021) (Barbier, J.).

[89] *Orleans Par. Sch. Bd. v. Lexington Ins. Co.*, 2012-1686 (La. App. 4 Cir. 6/5/13), 118 So. 3d 1203, 1222.

Louisiana law and rarely applied."[90] While Carlton contends that RLI accepted premiums and therefore cannot now claim that Carlton is not covered under the policy, she has failed to show that RLI engaged in any conduct that caused her to change her position to her detriment. RLI "simply cannot be held liable for [Carlton]'s own failure to read the contents" of her policy, or for Carlton's "failure to inquire" about the minimum underlying coverage required.[91]

Finally, while Carlton claims that "RLI violated [her] policyholder bill of rights under [Section 22:41]," Section 22:41 provides standards for a policyholder bill of rights and does not create its own causes of action separate from those available under Louisiana statutes. Given that Carlton has failed to point to a specific statute that RLI violated by denying her claim, Carlton's Section 22:41 claim is dismissed.

## V. Conclusion

For the foregoing reasons, Carlton has not stated a claim for breach of contract or for arbitrary and capricious denial of coverage. Carlton also has not stated a claim against RLI for unjust enrichment, fraud, estoppel, or a violation of Section 22:41. Therefore, these claims must be dismissed. Accordingly,

---

[90] *Id.* at 1023.

[91] *Progressive Paloverde Ins. Co.*, 2021 WL 638119, at *4.

**IT IS HEREBY ORDERED** that RLI Insurance Company's "Motion to Dismiss"[92] is **GRANTED**.

**IT IS FURTHER ORDERED** that considering Plaintiffs McCurley and Heidleberg did not amend their complaints to allege claims against RLI, as allowed by the Court in its order denying RLI's first motion to dismiss, any claims McCurley and Heidleberg may have had against RLI are dismissed with prejudice.

**NEW ORLEANS, LOUISIANA,** this 31st day of July, 2021.

**NANNETTE JOLIVETTE BROWN**<br>
**CHIEF JUDGE**<br>
**UNITED STATES DISTRICT COURT**

---

[92] Rec. Doc. 28.